IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHARLES W. McHAN,

    Plaintiff,

vs.

DANNY R. MASON, a/k/a D.R.
MASON, MARY L. MASON, and
GEORGIA FREIGHT DISPOSAL, INC.,

    Defendants.

CASE NO. 4:10-CV-79 (CDL)

O R D E R

This action arises from the business relations between Plaintiff Charles W. McHan ("Mr. McHan") and Defendant Danny R. Mason ("Mr. Mason"). Mr. McHan alleges that Mr. Mason is holding certain property in trust for Mr. McHan's benefit and that Mr. Mason has refused Mr. McHan's requests to return the property. Defendant Mary L. Mason ("Mrs. Mason") seeks dismissal from this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Mr. McHan's Complaint fails to state any cause of action against her. For the following reasons, Mrs. Mason's Motion to Dismiss (ECF No. 8) is denied.

MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached

thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL ALLEGATIONS

In March 1972, Mr. McHan and Mr. Mason agreed to open a furniture store in Columbus, Georgia, and for that purpose, organized and incorporated Defendant Georgia Freight Disposal, Inc. ("Georgia Freight"). Mr. McHan and Mr. Mason were equal shareholders of Georgia Freight, each owning 50% of the corporation's issued and outstanding shares.

2

From incorporation in 1972 until mid-1977, Georgia Freight operated at various locations in and around Columbus, Georgia. In April 1977, Mr. McHan and Mr. Mason jointly acquired real estate at 1300 Box Road, Columbus, Muscogee County, Georgia (the "Box Road Property") for the sole purpose of allowing Georgia Freight to conduct its business activities at that location. Shortly after Mr. McHan and Mr. Mason jointly acquired the Box Road Property, Georgia Freight began paying monthly rent to Mr. McHan and Mr. Mason. Upon receipt of each rent payment from Georgia Freight, Mr. McHan would pay down the debt Mr. McHan and Mr. Mason incurred when they purchased the Box Road Property. Mr. McHan and Mr. Mason's joint ownership of the Box Road Property continued from April 1977 until April 1988.

In April 1988 Mr. McHan realized that his incarceration was imminent. Therefore, he conveyed his ownership interest in the Box Road Property to Mr. Mason for no consideration. In a July 20, 1988 agreement, Mr. McHan and Mr. Mason agreed that Mr. Mason would hold the Box Road Property in trust for the benefit of Mr. McHan and that the monthly rent paid by Georgia Freight would continue to be equally divided among Mr. McHan and Mr. Mason. Compl. ¶¶ 17-19, ECF No. 1; Compl. Ex. A, Agreement Between D.R. Mason and Charles W. McHan, July 20, 1988, ECF No. 1-2.

On August 21, 2003, while Mr. McHan was incarcerated, Mr. Mason conveyed an undivided one-half ownership interest in the Box Road Property to Mrs. Mason.

Upon Mr. McHan's release from incarceration, Mr. McHan made multiple requests that Mr. Mason convey Mr. McHan's one-half ownership interest in the Box Road Property held in trust back to Mr. McHan. Mr. Mason ignored Mr. McHan's requests and refused to convey any ownership interest in the Box Road Property to Mr. McHan. As a result, Mr. McHan commenced this action and seeks, among other things, the following relief: (1) that the Court confirm and establish that Mr. McHan's conveyance of his interest in the Box Road Property to Mr. Mason was a conveyance in trust and that a constructive trust was created; (2) that the Court order Mr. Mason to convey title to one-half of the Box Road Property to Mr. McHan; and (3) that the Court order Mr. Mason to provide Mr. McHan with an accounting of all financial activities relating to the Box Road Property. Compl. ¶ 47. As to Mrs. Mason, Mr. McHan requests that the Court "nullify the conveyance by Defendant [Mr.] Mason to Defendant Mrs. Mason of a one-half undivided interest in the Box Road Property" or, alternatively, that the Court "rule that Defendant [Mr.] Mason conveyed to Defendant Mrs. Mason the one-half interest on the Box Road Property owned by Defendant [Mr.] Mason, individually,

and not the one-half interest owned as trustee of the constructive trust for the benefit of Mr. McHan." *Id.*

## DISCUSSION

The Court has reviewed Mr. McHan's Complaint and finds that Mr. McHan has alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" against Mrs. Mason. *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Mrs. Mason contends that Mr. McHan's Complaint fails to state a claim against her since, at all times relevant to this action, Mr. Mason held an undivided one-half interest in the Box Road Property, free of any alleged trust, which he was fully entitled to alienate to Mrs. Mason. Pl. Mary L. Mason's Mem. in Supp. of Mot. to Dismiss 2, ECF No. 8-2. However, the Federal Rules of Civil Procedure require that "[a] person . . . must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii). Here, Mrs. Mason claims an interest in the subject of this action—the Box Road Property. Further, at this preliminary stage it is not clear what property interest Mr. Mason

conveyed to Mrs. Mason in 2003. Therefore, the Court finds that adjudicating this action in Mrs. Mason's absence may, as a practical matter, impair her ability to protect the property interest she claims in the Box Road Property.[1] *See Schutten v. Shell Oil Co.*, 421 F.2d 869, 874 (5th Cir. 1970) (finding that a non-party who claims a property interest inconsistent with the plaintiff should be joined if feasible under Rule 19(a)); *Haas v. Jefferson Nat'l Bank of Miami Beach*, 442 F.2d 394, 398 (5th Cir. 1971) (holding that a non-party should be joined if feasible where a favorable resolution of the plaintiff's claim would prejudice the non-party's ownership and control of stock).[2] Further, given the uncertainty as to the interest Mr. Mason conveyed to Mrs. Mason in 2003, Mrs. Mason's absence from this litigation would expose Mr. Mason to a substantial risk of incurring double, multiple, or inconsistent obligations. Fed. R.

---

[1]"A court may not proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense." *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670 (11th Cir. 1982) (internal quotation marks omitted). "Instead as Rule 19(a) expresses it, the court must consider the extent to which the judgment may as a practical matter impair or impede his ability to protect his interest in the subject matter." *Id.* (internal quotation marks omitted); *see also Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) ("In making the first determination-i.e., whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control." (internal quotation marks omitted)).

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Civ. P. 19(a)(1)(B)(ii). Therefore, at this preliminary stage, the Court finds that Mrs. Mason was properly joined in this action pursuant to Federal Rule of Civil Procedure 19. If discovery shows that it is undisputed that Mr. McHan's interest in the Box Road Property and the proceeds generated by it are unaffected by any interest Mrs. Mason has in the Box Road Property, then the Court may revisit today's ruling at that time. The Court also observes that if Mrs. Mason agrees to be bound by any ruling in this action as to her interest in the Box Road Property and the proceeds generated by it, then it may be appropriate, upon making such an affirmative waiver, for her to be dismissed from this action.[3]

CONCLUSION

For the foregoing reasons, Defendant Mary L. Mason's Motion to Dismiss (ECF No. 8) is denied.


IT IS SO ORDERED, this 24th day of November, 2010.


S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[3] *See United States v. Sabine Shell, Inc.*, 674 F.2d 480, 483 (5th Cir. 1982) ("[T]he property owners themselves, patently aware of this litigation, never intervened either at the district or appellate court level. Presumably the property owners do not believe that the disposition of this suit will 'impair or impede' their ability to protect their interests.").

7